

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) CLEMENT WITT, | ) | |
| | ) | **FILED** |
| Plaintiff, | ) | APR 29 2014 |
| | ) | Phil Lombardi, Clerk |
| vs. | ) Case No. | U.S. DISTRICT COURT |
| | ) | |
| (1) LIBERTY MUTUAL GROUP INC., | ) | **14 CV - 200 GKF - TLW** |
| (2) WAUSAU UNDERWRITERS | ) | |
|     INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Liberty Mutual Group Inc. and Wausau Underwriters Insurance Company (collectively "Defendants") hereby remove the above-captioned action from the District Court of Tulsa County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma. In support of this removal, Defendants state as follows:

    1.    On or about April 2, 2014, Plaintiff commenced an action in the District Court of Tulsa County, State of Oklahoma, entitled *Clement Witt v. Liberty Mutual Group Inc., et al.*, as Case No. CJ-2014-01254 (the "State Court Action"). A true copy of the State Court Action docket sheet and all process, pleadings, and orders served in the State Court Action are attached hereto as Exhibit 1.

1



2. Defendant Liberty Mutual Group Inc. was first served with the summons and a copy of the Petition in the State Court Action on or about April 9, 2014. A copy of the summons is included in Exhibit 1, attached hereto. This Notice of Removal is timely filed under the provisions of section 1446.

3. The Northern District of Oklahoma includes the state judicial district in which Plaintiff filed his Petition.

4. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship and amount in controversy pursuant to 28 U.S.C § 1332, and which may be removed to this Court pursuant to 28 U.S.C. § 1441. At the time of filing this action and at the present time, Plaintiff was and is a resident and citizen of the State of Oklahoma. Defendant Liberty Mutual Group Inc. is a Massachusetts company with its principal place of business in Boston, Massachusetts, and is, therefore, a citizen of the State of Massachusetts under 28 U.S.C. §1332(c)(1). Defendant Wausau Underwriters Insurance Company is a Wisconsin company with its principal place of business in Boston, Massachusetts, and is, therefore, a citizen of the States of Wisconsin and Massachusetts under 28 U.S.C. § 1332(c)(1). Defendants are not citizens of Oklahoma.

5. The Petition purports to assert a cause of action for breach of an insurance contract, breach of good faith and fair dealing in handling a claim on an insurance policy, and fraud. (*See* Exhibit 1, Petition, at ¶¶ 34-46 and Prayer for Relief). The

amount in controversy exceeds $75,000, exclusive of interest and costs. (*Id.* at ¶¶ 14, 37-38, 41-42, 44-46 and Prayer for Relief).

6. Contemporaneous with Defendants' filing of this Notice, Defendants will serve written notice to Plaintiff's counsel of the filing, as required by 28 U.S.C. §1446(d).

7. Defendants shall likewise file a true and correct copy of its Notice of Removal with the Clerk of the District Court in and for Tulsa County, State of Oklahoma, as required by 28 U.S.C. §1446(d).

## CONCLUSION

Defendants Liberty Mutual Group Inc. and Wausau Underwriters Insurance Company respectfully request that the State Court Action be removed from the District Court for Tulsa County, Oklahoma, to the United States District Court for the Northern District of Oklahoma, and proceed as an action properly removed thereto.

Respectfully submitted,

*(signature)*

**William W. O'Connor**, OBA No. 13200
**Jerrick L. Irby**, OBA No. 30876
NEWTON, O'CONNOR, TURNER & KETCHUM, PC
2700 Bank of America Center
15 West Sixth Street
Tulsa, Oklahoma 74119-5423
(918) 587-0101
(918) 587-0102 (facsimile)
boconnor@newtonoconnor.com
jirby@newtonoconnor.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Notice of Removal* was sent via United States Mail this 29th day of April, 2014 to the following:

Marlin R. Davis
8908 S. Yale Avenue
Suite 245
Tulsa, OK 74137

*(signature)*

William W. O'Connor

4

# EXHIBIT 1

# DSCN THE OKLAHOMA STATE COURTS NETWORK

www.oscn.net

| Home | Courts | Court Dockets | Legal Research | Calendar | Help |

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| CLEMENT WITT,<br>     Plaintiff,<br>v.<br>LIBERTY MUTUAL GROUP INC,<br>     Defendant, and<br>WAUSAU UNDERWRITERS INSURANCE COMPANY,<br>     Defendant. | No. CJ-2014-1254<br>(Civil relief more than $10,000:<br>BAD FAITH INSURER LIABILITY)<br><br>Filed: 04/02/2014<br><br>Judge: Nightingale, Rebecca B. |

## Parties

LIBERTY MUTUAL GROUP INC , Defendant
WAUSAU UNDERWRITERS INSURANCE COMPANY , Defendant
WITT, CLEMENT , Plaintiff

## Attorneys

**Attorney**
Davis, Marlin Ray(Bar # 10777)
SUTTON, DAVIS STAGGS PA
8908 S YALE AVE., STE 245
TULSA, OK 74137

**Represented Parties**
WITT, CLEMENT

## Events

| Event | Party | Docket | Reporter |
|---|---|---|---|

## Issues

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**

Issue: BAD FAITH INSURER LIABILITY (INSURE)
Filed by: WITT, CLEMENT
Filed Date: 04/02/2014

**Party Name:**

**Disposition Information:**

**Defendant:** LIBERTY MUTUAL GROUP INC          Pending.

**Defendant:** WAUSAU UNDERWRITERS INSURANCE COMPANY          Pending.

## Docket

| Date | Code | Count | Party | Serial # | Entry Date | | |
|---|---|---|---|---|---|---|---|
| 04-02-2014 | TEXT | 1 | | 88900733 | Apr 2 2014 1:03:36:660PM | - | $ 0.00 |
| | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | | | | | | |
| 04-02-2014 | INSURE | - | | 88900735 | Apr 2 2014 1:03:36:700PM | Realized | $ 0.00 |
| | BAD FAITH INSURER LIABILITY | | | | | | |
| 04-02-2014 | DMFE | - | | 88900736 | Apr 2 2014 1:03:36:720PM | Realized | $ 2.00 |
| | DISPUTE MEDIATION FEE($ 2.00) | | | | | | |

| Date | Code | | Number | Timestamp | Status | Amount |
|---|---|---|---|---|---|---|
| 04-02-2014 | PFE1 | - | 88900737 | Apr 2 2014 3:55:22:730PM | Realized | $ 163.00 |
| | PETITION($ 163.00) | | | | | |
| | 📄 *Document Available (#1024762176)* | | | | | |
| 04-02-2014 | PFE7 | - | 88900738 | Apr 2 2014 1:03:36:720PM | Realized | $ 6.00 |
| | LAW LIBRARY FEE($ 6.00) | | | | | |
| 04-02-2014 | OCISR | - | 88900739 | Apr 2 2014 1:03:36:720PM | Realized | $ 25.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND($ 25.00) | | | | | |
| 04-02-2014 | CCADMIN02 | - | 88900740 | Apr 2 2014 1:03:36:720PM | Realized | $ 0.20 |
| | COURT CLERK ADMINISTRATIVE FEE ON $2 COLLECTIONS($ 0.20) | | | | | |
| 04-02-2014 | OCJC | - | 88900741 | Apr 2 2014 1:03:36:720PM | Realized | $ 2.00 |
| | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND($ 2.00) | | | | | |
| 04-02-2014 | OCASA | - | 88900742 | Apr 2 2014 1:03:36:720PM | Realized | $ 5.00 |
| | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES($ 5.00) | | | | | |
| 04-02-2014 | CCADMIN04 | - | 88900743 | Apr 2 2014 1:03:36:720PM | Realized | $ 0.50 |
| | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS($ 0.50) | | | | | |
| 04-02-2014 | LTF | - | 88900744 | Apr 2 2014 1:03:36:810PM | Realized | $ 10.00 |
| | LENGTHY TRIAL FUND($ 10.00) | | | | | |
| 04-02-2014 | SMF | - | 88900745 | Apr 2 2014 1:04:10:280PM | Realized | $ 10.00 |
| | SUMMONS FEE (CLERKS FEE)-2($ 10.00) | | | | | |
| 04-02-2014 | SMIMA | - | 88900746 | Apr 2 2014 1:04:17:540PM | Realized | $ 0.00 |
| | SUMMONS ISSUED - MAILED BY ATTORNEY-2 | | | | | |
| 04-02-2014 | TEXT | - | 88900734 | Apr 2 2014 1:03:36:680PM | - | $ 0.00 |
| | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE NIGHTINGALE, REBECCA B. TO THIS CASE. | | | | | |
| 04-02-2014 | ACCOUNT | - | 88900765 | Apr 2 2014 1:04:36:670PM | - | $ 0.00 |
| | RECEIPT # 2014-2817803 ON 04/02/2014. PAYOR:MARLIN R DAVIS TOTAL AMOUNT PAID: $223.70. LINE ITEMS: CJ-2014-1254: $173.00 ON AC01 CLERK FEES. CJ-2014-1254: $6.00 ON AC23 LAW LIBRARY FEE. CJ-2014-1254: $0.70 ON AC31 COURT CLERK REVOLVING FUND. CJ-2014-1254: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES. CJ-2014-1254: $2.00 ON AC59 OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND. CJ-2014-1254: $2.00 ON AC64 DISPUTE MEDIATION FEES. CJ-2014-1254: $25.00 ON AC79 OCIS REVOLVING FUND. CJ-2014-1254: $10.00 ON AC81 LENGTHY TRIAL FUND. | | | | | |

Report Generated by The Oklahoma Court Information System at April 28, 2014 17:08 PM

End of Transmission.

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| CLEMENT WITT, | ) |
| Plaintiff, | ) CJ-2014 01254 |
| vs. | ) Judge: REBECCA NIGHTINGALE |
| LIBERTY MUTUAL GROUP INC & WAUSAU UNDERWRITERS INSURANCE COMPANY a wholly Owned Subsidiary of Liberty Mutual Group Inc. | ) ) ) ) ) ) |
| | ) ATTORNEY LIEN CLAIMED |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## SUMMONS

COMES NOW Plaintiff and for her cause of action against Defendants, alleges and states:

To the above-named Defendant:  Liberty Mutual Group Inc
c/o Corporation Service Company
115 SW 89th Street
Oklahoma City, OK 73139

You have been sued by the above-named Plaintiffs, and you are directed to file a written answer to the attached petition, in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the Plaintiff. Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this 2nd day of April, 2014

Sally Howe Smith, Court Clerk

By: _____
Deputy Court Clerk

(Seal)

Plaintiff's Attorney
Name: Marlin R. Davis, 8908 S. Yale Ave., Ste. 245, Tulsa, OK 74137

This summons was served on_____
(date of service)

_____
(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
**FILED**

APR - 2 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| CLEMENT WITT, | ) |
| Plaintiff, | ) Case No. CJ-2014-01254 |
| vs. | ) Judge: REBECCA NIGHTINGALE |
| LIBERTY MUTUAL GROUP INC & WAUSAU UNDERWRITERS INSURANCE COMPANY (a wholly Owned Subsidiary of Liberty Mutual Group Inc. | ) |
| | ) ATTORNEY LIEN CLAIMED |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## PETITION

COMES NOW the Plaintiff and for his cause of action against the above named Defendant alleges and states as follows:

### I.

### PARTIES

1. Plaintiff Clement Witt (hereinafter referred to as "Plaintiff or Witt" was, at all times relevant hereto, a resident in Tulsa County, Oklahoma, and an employee of TG Excavating Inc ("TGE").

2. Defendants Liberty Mutual Group Inc ("Liberty Mutual") and Wausau Underwriters Insurance Company ("Wausau") were Insurance Companies licensed to transact insurance under the laws of the State of Oklahoma at the time of the incident complained of in this Petition.

3. Upon information and belief, Wausau is a wholly owned subsidiary of Liberty Mutual, is managed by Liberty Mutual, has its' actions directed by Liberty Mutual, and is completely controlled by Liberty Mutual, and the Defendants are the agents of each other.

4. Upon information and belief, the Defendants are merely instrumentalities of each other, and as such, the separation between the two may be disregarded and, under Oklahoma law, they may be treated as one for the purposes of tort law.

5. At all times relevant hereto, TGE carried a Business Auto Liability Policy (the "Policy") with Defendants and the Policy was in force at the time of the accident involving Plaintiff that underlies his uninsured motorist claim.

6. Upon information provided by Defendants, the Policy provided Uninsured Motorist Coverage in the amount of $1,000,000.00.

7. At all times relevant hereto, Plaintiff was an insured under the Policy.

8. The Policy was issued by Defendant Wausau and claims submitted under the Policy were managed, interpreted, handled and adjusted by Defendant Liberty Mutual.

9. Defendants also provided TGE with workers compensation insurance.

## II.

## FACTUAL BACKGROUND

10. That on or about June 4, 2009, Plaintiff, while on the job, was catastrophically injured when he was run over by a TGE vehicle (insured under the Policy) that was being negligently operated by a co-employee.

11. As a result of his injuries, Plaintiff filed a workers compensation case against TGE and ultimately obtained workers compensation benefits from Defendants.

12. During the course of the Plaintiff's workers compensation case, Defendants paid all of Plaintiff's medical expenses and became fully aware of Plaintiff's injuries, financial losses, and also the debilitating nature of his injuries. Specifically, Defendants became aware of the fact that Plaintiff had become totally and permanently disabled as a result of his injuries.

13. Upon information and belief and as a direct result of his injuries, Plaintiff has and will in the future suffer medical expenses in excess of $350,000.00 and has and will suffer wage loss in an amount in excess of $700,000.00.

14. That as a direct result of the negligence of the TGE co-employee, Plaintiff was crushed beneath the TBE vehicle, suffered great pain of body and mind, was unable to transact his business and suffered general and specific damages totaling a sum far in excess of $1,000,000.00. Specifically, Plaintiff alleges that a fair, conservative and reasonable value of his personal injury claim is in excess of $5,000,000.00.

15. That in November of 2010, Plaintiff inquired of Defendants whether Uninsured Motorist benefits were available to him under the Policy.

16. That later in November of 2010, Defendants incorrectly and fraudulently advised Plaintiff that although the Policy existed and UM coverage existed under the Policy, that UM benefits were not available to him due to a policy exclusion that applied because he had obtained workers compensation benefits.

17. Defendants knew or should have known that the workers compensation exclusion to UM coverage in the Policy was unlawful under Oklahoma law, and had been unlawful under binding Oklahoma Supreme Court precedence for many years prior to the subject accident. In other words, Defendants knowingly sold and issued a Policy to an Oklahoma insured with an unlawful policy provision.

availability of UM coverage, was incorrect and that they would now begin to adjust Plaintiff's UM claim for the purpose of evaluating the value of same and paying UM benefits.

26. That Defendants failed to adjust Plaintiff's UM claim within the sixty five (65) days allowed by Oklahoma law, and as such, admit said claim.

27. That although Defendants had possession of the workers compensation file, that included all of the information necessary to adjust the Plaintiff's UM claim, they conditioned adjustment of his UM claim on unnecessary and baseless requests for information from Plaintiff, and this was for the improper and bad faith reason of unnecessarily delaying the payment of benefits to Plaintiff.

28. There was an extreme and unnecessary delay in adjusting Plaintiff's claim for UM benefits that has been to Plaintiff's detriment, financially and in a general manner.

29. To date, Defendants have unlawfully and completely failed and refused to pay Plaintiff UM benefits due him under the Policy.

30. Defendants breached their contractual duties under the Policy as described above and in failing to pay Plaintiff UM benefits due him under the Policy.

31. As a result of Defendants wrongful and unlawful conduct, Plaintiff has been deprived of UM benefits for an extended period of time and been compelled to hire legal counsel to recover his UM benefits.

32. Defendants have in bad faith engaged in unlawful, unfair and deceptive insurance practices forbidden under Oklahoma law, including but not limited to, selling a policy with an unlawful policy provision, misrepresenting available coverage to an insured, fraudulently concealing available policy provisions, failing to assist an insured process a claim for benefits, failing to timely and properly adjust a claim for benefits, by conditioning adjust of his claim for

benefits on unnecessary and frivolous requests for information that it already had, by refusing to value his claim and promptly make payment of benefits to Plaintiff, and by compelling their insured to employ legal counsel in order to obtain benefits.

33. That upon information and belief, Defendants have misrepresented the subject unlawful policy exclusion to other Oklahoma insured and thereby unlawfully avoided paying UM benefits to other persons who had proper UM claims under insurance policies similar to the Policy.

### III.

### BREACH OF CONTRACT

34. Plaintiff hereby incorporates the paragraphs above.

35. Defendants have breached their contractual obligations to Plaintiff and have failed to pay Plaintiff UM benefits due Plaintiff.

36. That Defendants are liable to Plaintiff for breaching their contractual obligations to Plaintiff, as previously described, for an amount equal to policy benefits limits, interests and attorney fees.

37. That as a result of Defendants breach of contract, Plaintiff has suffered compensatory and special damages and emotional distress, all in an amount in excess of $1,000,000.00.

38. That Defendants' actions were intentional, willful and wanton against Plaintiff and Defendant should be punished as a deterrent to keep them and others like them who are in similar positions from acting in such a manner in which the Defendant has acted against the Plaintiff. These damages should be set in an amount equal to or in excess of Plaintiff's non punitive damage award, and in excess of $1,000,000.00.

### IV.

## BAD FAITH AND UNFAIR DEALINGS

39. Plaintiff hereby incorporates the paragraphs above.

40. Defendants' acts and omissions, as alleged herein, amount to failure to deal in good faith and deal fairly with the Plaintiff, contrary to common law and Oklahoma statutory law.

41. That as a result of the actions of bad faith by Defendants, "plaintiff" has suffered both special and general damages, together in an amount in excess of $1,000,000.00.

42. That Defendants' actions of bad faith were intentional, willful and wanton against Plaintiff, and Defendants should be punished as a deterrent to keep them and other like them who are in similar positions from acting in such a manner in which the Defendant's have acted against the Plaintiff. These damages should be set in an amount equal to or in excess of Plaintiff's non punitive damage award, and in excess of $1,000,000.00.

## V.

## FRAUD

43. Plaintiff hereby incorporates the paragraphs above.

44. As a direct and proximate result of the aforementioned wrongful and fraudulent conduct of Defendants, Plaintiff has suffered special and general damages in an amount in excess of $1,000,000.00.

45. The unlawful, wrongful and fraudulent conduct of Defendants has caused Plaintiff to suffer financial loss, anxiety, worry, emotional distress, anger and other incidental damages, all in an amount in excess of $1,000,000.00.

46. That Defendants' fraudulent and tortuous misconduct were intentional, willful and wanton against Plaintiff, and Defendant should be punished as a deterrent to keep them and other

like them who are in similar positions from acting in such a manner in which the Defendants have acted against the Plaintiff. These damages should be set in an amount equal to or in excess of Plaintiff's non punitive damage award, and in excess of $1,000,000.00.

WHEREFORE, premises considered, Plaintiff prays for judgment against the Defendants, each one individually and jointly and severally, in an amount in excess of $1,000,000.00, as and for general and special damages; as well as punitive damages against each Defendant in an amount in excess of $1,000,000.00, together with pre-judgment and post-judgment interest, costs, attorney fees, and any other relief this Court deems just and equitable.

Respectfully submitted,

MARLIN R. DAVIS, PC

*(signature)*

Marlin R. Davis, OBA #10777
8908 S. Yale Ave., Ste 245
Tulsa, Oklahoma 74137
(918) 742-0900
(918) 742-0901 (Fax)
*Attorney for Plaintiff*